**Dennis L. Hall (013547)**
Dennis L Hall, Attorney, pllc
7412 East Black Rock Road
Scottsdale, Arizona 85255
Email: dennis@dlhall.net
Tel: 602.740.5045

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated, | Case 2:25-cv-02108-SPL |
| *Plaintiff,* | **ANSWER** |
| v. | [Jury Trial Demanded] |
| CORLEONE'S PHILLY STEAK, LLC | Assigned to the Honorable Stephen P. Logan |
| *Defendant.* | |

Defendant Corleone's Philly Steak, LLC ("Defendant"), by and through undersigned counsel, answers the Complaint of Plaintiff Sidney Naiman ("Plaintiff"). If not admitted, then any allegation is deemed to be denied.

ANSWER TO CLASS ACTION COMPLAINT

1. Answering Paragraph 1 of the Complaint, Defendant, upon information and belief, admits the allegations of Paragraph 1.

2.    Answering Paragraph 2 of the Complaint, Defendant denies that allegations of that Paragraph 2.

PARTIES

3.    Answering Paragraph 3 of the Complaint, Defendant is without sufficient information to admit the allegations of that Paragraph 3, which has the effect of a denial.

4.    Answering Paragraph 4 of the Complaint, Defendant admits that Corleone's is an Arizona limited liability company doing business in Arizona.

JURISDICTION AND VENUE

5.    Answering Paragraph 5 of the Complaint, Defendant admits the allegations of that Paragraph 5.

6.    Answering Paragraph 6 of the Complaint, Defendant admits the allegations of that Paragraph 6.

INTRODUCTION

7.    Answering Paragraph 7 of the Complaint, Defendant avers that that content of that Paragraph 7 contains quotes and legal reference but fails to include any statement of facts. Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, which has the effect of a denial. Defendant avers that in ". . . creating the TCPA, Congress sought to address the 'proliferation of intrusive, nuisance calls' made by telemarketers" and avers that

none of the texts made in that matter were intrusive or nuisance texts. ACA Int'l v. FCC, 885 F.3d 687, 692, 435 U.S. App. D.C. 1 (D.C. Cir. 2018) (citing Tel. Consumer Prot. Act of 1991, Pub. L. No. 102-243, § 2(6)-(7), 105 Stat. 2394).

8.      Answering Paragraph 8 of the Complaint, Defendant avers that that content of that Paragraph 8 contains quotes and legal references but fails to include any statement of facts. Defendant is without sufficient information to admit or deny the allegations of that Paragraph 8 of the Complaint, which has the effect of a denial. Defendant states and avers that is and was not the purpose of Congress in enacting that the TCPA to allow class action complaint when no improper or nuisance texting to customers of a business occurred, especially when the self-nominated class representative has made numerous complaints and had the option to prevent any nuisance he claims by opting out of the first text received from the Defendant, a de minimus action much less troublesome or invasive than serving as a plaintiff.

## ALLEGATIONS

9.   Answering Paragraph 9 of the Complaint, Defendant is without sufficient information to admit the allegations of that Paragraph 9, which has the effect of a denial.

10.   Answering Paragraph 10 of the Complaint, Defendant is without

1
2
3
sufficient information to admit the allegations of that Paragraph 10, which has the
effect of a denial.

4
5
6
7
     11.    Answering Paragraph 11 of the Complaint, Defendant is without
sufficient information to admit the allegations of that Paragraph 11, which has the
effect of a denial.

8
9
10
11
     12.    Answering Paragraph 12 of the Complaint, Defendant is without
sufficient information to admit the allegations of that Paragraph 12, which has the
effect of a denial.

12
13
14
15
     13.    Answering Paragraph 13 of the Complaint, Defendant is without
sufficient information to admit the allegations of that Paragraph 13, which has the
effect of a denial.

16
17
18
19
     14.    Answering Paragraph 14 of the Complaint, Defendant is without
sufficient information to admit the allegations of that Paragraph 14, which has the
effect of a denial.

20
21
22
23
     15.    Answering Paragraph 15 of the Complaint, Defendant is without
sufficient information to admit the allegations of that Paragraph 15, which has the
effect of a denial.

24
25
26
     16.    Answering Paragraph 16 of the Complaint, Defendant admits the
allegations of that Paragraph 16.

27
28

17.     Answering Paragraph 17 of the Complaint, Defendant admits the allegations of that Paragraph 17.

18.     Answering Paragraph 18 of the Complaint, Defendant admits the allegations of that Paragraph 18 and avers that each of the text messages sent to that phone number contained an opt-out message.

19.     Answering Paragraph 19 of the Complaint, Defendant admits the allegations of that Paragraph 19 to the extent that the texts were made but is without sufficient information to admit or deny the remaining allegations, which has the effect of a denial. Defendant avers that the former owner of the telephone number was a customer of Defendant who had voluntarily entered that number into Defendant's computer system and provided written consent for Defendant to send to him or her.

20.     Answering Paragraph 20 of the Complaint, Defendant admits that the texts were made with the intent of reaching the Defendant's customer who provided written consent and requested that the texts be sent to him or her but is without sufficient information to admit or deny the remaining allegations, which has the effect of a denial.

21.     Answering Paragraph 21 of the Complaint, Defendant admits that, among other reasons, the purpose of the texts were to offer Defendant's customers

who had provided written consent to receive texts and who had requested that special offers be sent to them specials from Defendant's menu. Defendant avers that a purpose of the TCPA is to protect against automatic systems that, by generating telephone numbers automatically, could tie up the telephone lines of public emergency services and businesses with sequentially numbered telephone lines, or otherwise result in tying up a called party's line; to protect privacy rights; to protect the right to seclusion; and to avoid nuisance calls, faxes, or tests. But, Defendant avers that these concerns are not implicated, when as here, a system uses a pre-existing list of telephone numbers that are not automatically or randomly generated, but that are drawn from consumers themselves who voluntarily provided the numbers for purposes of communicating with them and are provided convenient and easy opt out provisions that are strictly adhered to by the sender.

22.    Answering Paragraph 22 of the Complaint, Defendant admits the allegations of Paragraph 22 of the Complaint, but avers that the prior owner of the number at issue provided Defendant with permission to send to him or her texts and that each text sent contained on opt out provision and that, more importantly, the Defendant did not employ an "autodialer" envisioned by the TCPA that can generate random or sequential telephone numbers, but instead used a system that contacts numbers from pre-existing lists of telephone numbers generated entirely

from actual customers who enter their numbers into the system requesting that they be contacted by texts and consenting to that contact.

23.    Answering Paragraph 23 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint, which has the effect of a denial of that Paragraph 23.

24.    Answering Paragraph 24 of the Complaint, Defendant denies the allegations of that Paragraph 24 of the Complaint.

25.    Answering Paragraph 25 of the Complaint, Defendant denies the allegations of that Paragraph 25 and avers that all the numbers in its relevant contact list for sending offers and information to customers, at all times, past and present, arose with the knowledge and consent of those customers who provided written consent and entered those numbers themselves and who could opt out of the system at any time, with that opt opt option sent to them with each and every text.

CLASS ALLEGATIONS

26.    Answering Paragraph 26 of the Complaint, Defendant restates, re-denies, re-admits, and re-avers its responses to Paragraphs 1 to 25 of the Complaint as fully set out in this Answer.

27.    Answering Paragraph 27 of the Complaint, Defendant denies the allegations of that Paragraph 27 and avers that Plaintiff fails to state a class that could, in any circumstance, have a claim against Defendant for sending automated texts to customers by a list of those of customers who requested those texts, provided written consent to those texts, and could opt out of receiving more of those texts upon receiving any such texts, such list not being covered by the TCPA as being generated by random or sequential telephone numbers, and is instead a system that places calls from pre-existing lists of telephone numbers provided by those customers for the purpose of contacting them by texts.

28.    Answering Paragraph 28 of the Complaint, Defendant denies that a class can or should be certified but otherwise admits that allegations of that Paragraph 28.

29.    Answering Paragraph 29 of the Complaint, Defendant denies the allegations of that Paragraph 29 and avers that it sent texts only to a group of numbers provided by people who, prior to receiving texts from Defendant, consented to being on the list an provided names and numbers to Defendant for that purpose. Each recipient of texts had the opportunity to easily opt with each text sent. Defendant denies that there exists any "en masse" group of customers or people wrongfully or unwillingly receiving text messages from Defendant. Defendant

avers, upon information and belief, that there are no effected individuals who have received wrongful texts pursuant to the TCPA and that a class action would not be efficient and practical way to resolve any dispute.

30.    Answering Paragraph 30 of the Complaint, Defendant denies the allegations of that Paragraph 30 and avers specifically that Plaintiff or others would not sustain damages by receiving a miniscule number of texts with offers from Defendant of less than 25 words. Defendant avers that Plaintiff has not been harmed by any violation of the TCPA and that there cannot be other affected individuals for a violation that did not occur.

31.    Answering Paragraph 31 of the Complaint, Defendant denies the allegations of that Paragraph 31.

32.    Answering Paragraph 32 of the Complaint, Defendant denies that allegations of that Paragraph 32.

33.    Answering Paragraph 33 of the Complaint, Defendant denies that allegations of that Paragraph 33.

34.    Answering Paragraph 34 of the Complaint, Defendant denies that allegations of that Paragraph 34.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIM I

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

35.    Answering Paragraph 35 of the Complaint, Defendant restates, re-denies, re-avers, and re-admits its responses to Paragraphs 1 to 34 of the Complaint as fully set out in this Answer.

36.    Answering Paragraph 36 of the Complaint, Defendant admits that the federal regulation cited states that "no person or entity shall initiate any telephone solicitation to:

(1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location), or

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:

(i) It can demonstrate that the violation is the result of error and that

as part of its routine business practice, it meets the following standards:

(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;

(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law

to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or

(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or

(iii) The telemarketer making the call has a personal relationship with the recipient of the call.

37.    Answering Paragraph 37 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of that paragraph, which has the effect of a denial. Defendant admits it sent three text messages to Plaintiff's claimed telephone number as alleged in this Complaint on or about the dates alleged in the Complaint.

38.    Answering Paragraph 38 of the Complaint, Defendant denies that allegations of that Paragraph 38.

39.    Answering Paragraph 39 the Complaint, Defendant denies the allegations of that Paragraph 39.

40.    Answering Paragraph 40 of the Complaint, Defendant denies the allegations of that Paragraph 40.

## AFFIRMATIVE DEFENSES
### (Breach of Duty to Minimize Damages)

41.    Defendant aver sand believes, and on that basis states and alleges, that Plaintiff's claim is barred in whole or in part by Plaintiff's failure to in good faith opt out of the text messaging from Plaintiff in a prompt fashion to minimize injury and damages.

### (Unclean Hands)

42.    Defendant upon information and belief, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### (Estoppel)

43.    Defendant, upon information and believe, and on that basis states and allege, that Plaintiff by reason of its independent actions or omissions to act, Plaintiff is estopped from seeking and obtaining recovery of damages from Defendant.

### (Unjust and Inequitable Relief)

44.    Defendant, upon information and belief, and on that basis states and alleges that to allow Plaintiff to recover any relief, under the circumstances, would be unjust and inequitable.

DEFENDANT'S PRAYER FOR RELIEF

Wherefore, Defendant pray for judgment against Plaintiff as follows:

1.   That Plaintiff takes nothing by way of the Complaint and that the Complaint be dismissed, with prejudice;

2.   That Plaintiff's request to bring class claims be denied;

3.   For costs and attorneys' fees of suit; and

4.   For such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of August, 2022.

By:   /s/ Dennis L. Hall

Dennis L. Hall, Attorney, pllc
7412 East Black Rock Road
Scottsdale, Arizona 85255
dennis@dlhall.net
602.740.5045

1

CERTIFICATE OF SERVICE

2

3

Dennis L. Hall certifies that, on August 11, 2025, the above Answer was filed by

through the Federal Courts electronic filing system, and a separate email of the

4

above answer was sent to Plaintiff's attorney, Anthony I. Paronich, Esq., at

anthony@paronichlaw.com.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28