Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated, *Plaintiff*, v. CORLEONE'S PHILLY STEAK, LLC *Defendant.* | Case No. 2:25-cv-02108-SPL **JOINT RULE 26(f) CASE MANAGEMENT REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's September 11, 2025 Rule 16 Order (ECF No. 17), Plaintiff and Defendant submit the following Joint Case Management Report:

**1. Attendance**

Counsel for Plaintiff, Anthony Paronich of Paronich Law, P.C., and counsel for Defendant, Dennis L. Hall of Dennis L. Hall, Attorney, PLLC, attended the Rule 26(f) meeting and participated in developing this report.

## 2. Service

Plaintiff has served the Complaint and the Court's July 11, 2025 Order on Defendant, and defense counsel has acknowledged receipt. At this time, all parties have been served and have appeared in the action.

## 3. Nature of Case

This matter arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant delivered multiple unsolicited marketing text messages to his cellular telephone number, which was registered on the National Do Not Call Registry more than thirty days prior. Plaintiff contends that he did not provide consent to receive such messages, that the texts were intended to market Defendant's services, and that he suffered an invasion of privacy and nuisance. Defendant disputes liability and reserves all defenses. Defendant asserts that it only developed a texting list from customers who voluntarily provided their numbers and consent and that each text included an opt out provision. Any *de minimus* violation occurred only when a new subscriber inherited a number a former customer had willingly put on the list.

## 4. Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law. Venue is proper in this District because Defendant resides in Arizona and because the events giving rise to the claims occurred here.

### 5. Additions and Amendments

Plaintiff does not presently anticipate adding additional parties or amending pleadings but reserves the right to do so should discovery warrant.

### 6. Forthcoming Motions

Plaintiff anticipates filing a motion for class certification after discovery and reserves the right to file motions to compel discovery if necessary. Defendant asserts that Plaintiff is not a sufficient class representative and will oppose the motion.

### 6. Related Cases

The parties are not aware of related cases pending before other courts or judges in this District involving this Defendant.

### 7. Discovery Limitations

At this time, the parties do not propose changes to the default discovery limitations imposed by the Federal Rules of Civil Procedure. The parties will revisit this issue if discovery needs prove more expansive than expected.

### 8. Electronically Stored Information (ESI)

The parties will preserve relevant electronically stored information, including but not limited to outbound text logs, dialer records, and any evidence of consumer consent. The parties agree to produce ESI in a reasonably usable format, such as searchable PDFs or Excel/CSV files, and will meet and confer if disputes arise.

### 9. Request for Jury Trial

Plaintiff has demanded a jury trial in his Complaint, and Defendant does not contest that demand.

### 10. Trial

Plaintiff estimates that the case will be ready for trial within 24 months of the filing of the Complaint and anticipates a trial length of approximately five to seven days.

### 11. Expedited Trial Alternative

Counsel have discussed the expedited trial alternative with their respective clients as required by the Court's Order. The parties do not agree to proceed via expedited trial at this time.

### 12. Consent to Magistrate Judge

The parties do not consent to transfer of this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

### 13. Settlement and Dispute Resolution

The parties have discussed settlement prospects but do not currently request referral to a Magistrate Judge for a settlement conference

15. **Modified Procedures**

Because this case is brought as a putative class action, the parties anticipate that class certification discovery and briefing will be required. Plaintiff proposes deadlines for completion of class discovery and for filing of a motion for class certification, with briefing to follow under the Local Rules. Defendant reserves its position.

16. **Additional Matters**

The parties jointly request that the Court allow counsel to appear telephonically at the upcoming Rule 16 Case Management Conference.

Dated: October 14, 2025

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*/s/ Dennis L Hall*
Dennis L. Hall
Dennis L. Hall, Attorney, pllc
7412 East Black Rock Road
Scottsdale, Arizona 85255
dennis@dlhall.net
602.740.5045

CERTIFICATE OF SERVICE

Dennis L. Hall certifies that, on October 14, 2025, the above Case Management Report was filed through the Federal Courts electronic filing system.

/s/ Dennis L Hall
Dennis L. Hall