Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CORLEONE'S PHILLY STEAK, LLC<br><br>*Defendant*. | Case No. 2:25-cv-02108-SPL<br><br>**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO WITHDRAW** |

### Introduction

Plaintiff Sidney Naiman, individually and on behalf of all others similarly situated, by and through undersigned counsel, submits this Opposition to Defendant Corleone's Philly Steak, LLC's Motion to Withdraw. Plaintiff does not oppose withdrawal if, as the Motion represents, Defendant is actively seeking substitute counsel and substitute counsel will enter an appearance before the withdrawal is granted so the case can proceed without disruption. (ECF No. 23 at 2 and 6.) Plaintiff submits this opposition because the timing and posture of the Motion create a substantial risk of prejudice if withdrawal is

granted without conditions. Plaintiff has served discovery and Defendant has not responded, and the Motion acknowledges counsel's inability to complete outstanding discovery. (ECF No. 23 at 2.) In addition, Plaintiff recently notified defense counsel of a discovery dispute that Plaintiff intends to present to the Court and provided a draft of that submission, after which Defendant filed the Motion to withdraw.

Under these circumstances, Plaintiff respectfully requests that any order granting withdrawal be structured to prevent delay, protect Plaintiff's ability to obtain discovery central to this Telephone Consumer Protection Act class action, and ensure that Defendant's obligations and the Court's schedule are not undermined during any transition in representation. (ECF No. 23 at 2 and 4.)

## **Argument**

Plaintiff does not oppose Defendant's Motion to Withdraw as Counsel for Defendant Corleone's Philly Steak, LLC if Defendant intends to promptly retain substitute counsel and have substitute counsel enter an appearance before withdrawal becomes effective. Defendant's Motion is brought under Local Rule 83.3(b) and Arizona Rule of Professional Conduct 1.16. (ECF No. 23 at 1 to 2.)

The Motion asserts that good cause exists because continued representation would impose an unreasonable financial burden on counsel, and because Defendant is seeking new counsel with available technical support to better handle this matter. (ECF No. 23 at 1 to 2.) The Motion also represents that counsel has notified the client, provided case status and pending deadlines, allowed time to obtain new representation, and that the Motion complies with procedural requirements and will not prejudice the client or disrupt

judicial proceedings. (ECF No. 23 at 2.) Plaintiff's position is consistent with the governing framework: withdrawal may be permitted for good cause, but the Court should ensure that withdrawal does not prejudice other parties, does not delay the case, and does not impair the orderly administration of justice, particularly where discovery is already underway and outstanding. (ECF No. 23 at 2.)

The Motion characterizes this case as being at a very early stage and contends there is no inconvenience to witnesses or third parties, and that the involvement of more experienced counsel will facilitate the administration of discovery and justice. (ECF No. 23 at 4.) However, the Motion simultaneously confirms that Plaintiff has served initial discovery and Defendant has not yet responded, and that counsel seeks withdrawal due to financial burden and inability to complete outstanding discovery. (ECF No. 23 at 2.) That posture is precisely why withdrawal, if granted without conditions and without substitute counsel appearing, risks prejudice to Plaintiff and delay to the case. Even at an early stage, where discovery requests are pending and responses are not served, a gap in representation can cause an immediate standstill, missed deadlines, and increased costs to the nonmoving party to obtain basic discovery. (ECF No. 23 at 2.) Plaintiff should not be prejudiced simply because Defendant's counsel and Defendant have reached an impasse or Defendant has decided to change counsel, especially when Defendant's discovery obligations are already due and outstanding. (ECF No. 23 at 2.)

Further, the timing of this Motion reinforces the risk of prejudice. Plaintiff advised defense counsel that there is a discovery dispute Plaintiff intends to raise with the Court and provided defense counsel with a draft of the dispute submission. The Motion to

withdraw was filed only after Plaintiff notified defense counsel of that dispute and transmitted the draft, and at a time when Defendant's discovery responses remain outstanding. (ECF No. 23 at 2.) Under these circumstances, permitting withdrawal without protections would invite delay and could be used to derail or postpone Court resolution of pending discovery issues. The Court should not allow withdrawal to become a vehicle for avoiding, delaying, or complicating discovery obligations or impending Court involvement in resolving discovery disputes.

      Arizona Rule of Professional Conduct 1.16 recognizes that withdrawal may be appropriate in certain circumstances and permits withdrawal where it can be accomplished without material adverse effect on the client, or when representation imposes an unreasonable financial burden, or the client makes representation unreasonably difficult. (ECF No. 23 at 2.) But the Court's inquiry does not end there. The Motion itself acknowledges counsel's obligation, upon withdrawal, to take reasonable steps to protect the client's interests, including returning the client's file and cooperating with successor counsel to ensure a smooth transition. (ECF No. 23 at 4.) The Court also has discretion to ensure that withdrawal does not harm other litigants or the administration of justice and does not delay resolution of the action. Here, where initial discovery has been served and no responses have been provided, the Court should take care to prevent withdrawal from halting discovery and stalling the schedule. (ECF No. 23 at 2.)

      The need for safeguards is heightened because Defendant is a limited liability company and therefore cannot appear in federal court without licensed counsel. If

withdrawal becomes effective before substitute counsel appears, Defendant will not be able to litigate, respond to discovery, or comply with Court orders, which risks prolonged inactivity and undermines efficient case management. The Motion represents that Defendant is seeking new counsel, and Defendant's principal confirms in a signed declaration that Defendant understands it needs more experienced counsel and is currently seeking new counsel, that counsel has provided written notice of intent to withdraw and has informed Defendant of case status, deadlines, and obligations, and that Defendant has been advised of the need to retain new counsel. (ECF No. 23 at 6.) Plaintiff does not oppose a transition consistent with those representations. Plaintiff opposes only an unconditioned withdrawal that creates a gap in representation and a predictable discovery standstill at the very moment Defendant's discovery responses are due. (ECF No. 23 at 2.)

     A gap in representation at this stage also risks creating a strategic advantage for Defendant in this type of case. In a Telephone Consumer Protection Act class action lawsuit, a defendant's call records and data are key evidence necessary to determine whether a plaintiff can satisfy the requirements for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022); *Warren v. Credit Pros International Corporation*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021); *Johnson v. Moss Bros. Auto Group, Inc.,* No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020); and *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist.

LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017). If current counsel withdraws and is not promptly replaced, and Defendant does not timely provide call records, dialer or messaging platform information, consent sources, and related campaign data, Plaintiff will be prejudiced in the ability to obtain information required to move for certification, an outcome favorable to, and potentially desired by, Defendant. The Motion confirms that discovery is already served and that counsel cannot complete outstanding discovery, which is exactly the risk. (ECF No. 23 at 2.)

Courts regularly permit plaintiffs to commence discovery prior to a Federal Rule of Civil Procedure 26(f) conference in Telephone Consumer Protection Act cases in order to address these issues and to ensure that class related evidence is preserved and produced in an orderly manner. *See e.g. Cooley v. Freedom Forever LLC et al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.*, Civil Action No. 15-cv-03562, Docket No. 32 (N.D. Ga. 2016); and *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Docket No. 23 (N.D. Ga. Aug. 19, 2014).Here, because initial discovery has been served and Defendant has not yet responded, the Court should be particularly cautious about permitting withdrawal to become effective without substitute counsel entering an appearance and without a clear plan to prevent delay. (ECF No. 23 at 2.)

Accordingly, Plaintiff respectfully requests that if the Court grants the Motion, it should do so in a manner that prevents foreseeable prejudice and maintains the case

-6-

schedule. The Motion emphasizes that Defendant is seeking new counsel and that counsel will cooperate with successor counsel for a smooth transition. (ECF No. 23 at 4 and 6.) Plaintiff therefore requests that withdrawal be conditioned on substitute counsel entering an appearance prior and that Defendant's outstanding discovery obligations be addressed on a defined schedule so that Plaintiff is not prejudiced by the transition. (ECF No. 23 at 2.) In the event the Court is inclined to allow withdrawal to become effective before substitute counsel appears, Plaintiff respectfully requests the opportunity to conduct targeted discovery necessary to avoid prejudice, including discovery directed to identification of data custodians and vendors, preservation, and production of call and messaging records and related dialing and campaign information that is uniquely within Defendant's possession, custody, or control. (ECF No. 23 at 2.)

## Conclusion

Based on the foregoing, Plaintiff Sidney Naiman does not oppose Defendant's Motion if Corleone's Philly Steak, LLC intends to engage substitute counsel and have substitute counsel enter an appearance before withdrawal becomes effective. (ECF No. 23 at 2 and 6.) If the Court is inclined to allow counsel to withdraw before substitute counsel appears, Plaintiff respectfully requests safeguards to prevent prejudice and delay, including a firm deadline for substitute counsel to appear and a mechanism to ensure Defendant promptly responds to Plaintiff's outstanding discovery and preserves and identifies key sources of call and messaging data, including any third-party vendors or platforms that may possess responsive records. (ECF No. 23 at 2 and 4.)

Dated: December 17, 2025

                                        */s/ Anthony Paronich*
                                        Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100