Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CORLEONE'S PHILLY STEAK, LLC<br><br>*Defendant.* | Case No. 2:25-cv-02108-SPL<br><br>**JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION (PURSUANT TO ECF NO. 25 AND LRCIV 7.2(J))** |

    Plaintiff Sidney Naiman ("Plaintiff") and Defendant Corleone's Philly Steak, LLC ("Defendant") (collectively, the "Parties"), by and through undersigned counsel, respectfully request the Court's assistance in resolving a discovery dispute. This Motion is filed pursuant to the Court's Order (Doc. 25), which permits the filing of a Joint Motion for Discovery Dispute Resolution prior to the setting of a discovery dispute hearing, and provides that the motion must not exceed three (3) pages.

**Background**

This action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, based on allegations that Defendant sent multiple marketing text messages to Plaintiff's cellular telephone number after it was registered on the National Do-Not-Call Registry and without prior express consent.

Plaintiff served written discovery requests on Defendant on September 22, 2025. Defendant did not serve responses or objections within the time permitted by the Federal Rules of Civil Procedure, and has not served responses or objections at any time to date. A copy of these requests are attached as Exhibit 1.

Following multiple meet-and-confer efforts, the Parties agreed to proceed to mediation and for Plaintiff to defer discovery motion practice in exchange for Defendant's production of limited threshold data by December 1, 2025, consisting of:

(a) the total number of text messages sent; and

(b) the total number of unique telephone numbers texted.

Defendant has not produced the agreed-upon threshold data. As a result, Plaintiff contends Defendant remains overdue on discovery responses and has also breached the Parties' agreement regarding threshold production. The Parties are at an impasse.

**Plaintiff's Position**

Plaintiff contends that Defendant's failure to serve any written responses or objections violates the Federal Rules of Civil Procedure and materially prejudices Plaintiff's ability to prosecute this case, including by delaying discovery needed for class certification and damages analysis. The Defendant should be compelled to do so. *See e.g.*

-1-

Fed. R. Civ. P. 33(4) ("All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.") If the defendant fails to produce a privilege log, their privilege objections should be waived. *See e.g. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005). Plaintiff requests that the Court order: (1) Defendant to serve full written responses without objections other than those as to privilege, to Plaintiff's September 22, 2025 written discovery within 14 days of the Court's Order; and (2) Such other relief as the Court deems appropriate to ensure compliance with Rule 26 and to prevent further delay.

In response to the Defendant's claim that the Plaintiff "served full discovery requests prior to this Court's entry of a scheduling order", the Plaintiff would like to make clear that discovery was only served after a 26(f) conference. Furthermore, the parties did not begin discussing mediation until the Defendant's discovery responses were several weeks overdue.

### **Defendant's Position**

Defendant has worked with Plaintiff to have a third-party mediation before extensive discovery occurred. Plaintiff served full discovery requests prior to this Court's entry of a scheduling order, but the parties agreed to first hold the mediation, but that Defendant would provide the critical data concerning the database used for its marketing texts in advance of the mediation. That did not happen.

Defendant is a restaurant with two locations and only one person, who has a full-time job elsewhere, handling its administrative matters. That is, it has no administrative

staff. With regard to the systems used for the texting which is the subject of this TCPA complaint, the service is provided by a vendor, OptSpot, who controls the database and the software for the texting services. After indicating that as the vendor for Defendant OptSpot would provide information and the data for Plaintiff, after repeated requests and follow up by Plaintiff, it failed to do so.

In the last few weeks, after "more heated" discussion with Plaintiff, Opt Spot has agreed to provide the needed information. Defendant now anticipates that it will begin providing reports and date during the first week of January and will have complete responses to discovery on or before January 15.

## **LRCiv 7.2(j) Certification**

Counsel for Plaintiff certifies, and counsel for Defendant is requested to join in certifying, that the Parties personally consulted and made sincere, good-faith efforts to resolve this dispute without Court involvement, including multiple written communications and telephone conferences through November and December 2025, but were unable to reach a resolution.

Dated: January 2, 2026

                                      */s/ Anthony Paronich*
                                      Anthony Paronich
                                      Email: anthony@paronichlaw.com
                                      PARONICH LAW, P.C.
                                      350 Lincoln Street, Suite 2400
                                      Hingham, MA 02043
                                      Telephone: (617) 485-0018
                                      Facsimile: (508) 318-8100

1
2    /s/ Dennis L Hall
3       Dennis L. Hall
        Dennis L. Hall, Attorney, pllc
4       7412 East Black Rock Road
        Scottsdale, Arizona 85255
5       dennis@dlhall.net
        602.740.5045
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                -4-