Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Attorney for Plaintiff and Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>CORLEONE'S PHILLY STEAK, LLC<br><br>*Defendant.* | Case No. 2:25-cv-02108-SPL<br><br>**JOINT REPORT ON SETTLEMENT TALKS** |

Plaintiff Sidney Naiman ("Plaintiff") and Defendant Corleone's Philly Steak, LLC ("Defendant") (collectively, the "Parties"), by and through undersigned counsel, submit this report pursuant to the Court's Order on Settlement Talks.

Following multiple meet-and-confer conferences concerning discovery, the Parties agreed to explore early resolution through mediation prior to engaging in extensive discovery. In connection with those discussions, Plaintiff agreed to defer discovery motion practice in exchange for Defendant's agreement to produce limited, threshold information intended to facilitate meaningful settlement negotiations, including: (a) the total number of text messages sent; and (b) the total number of unique telephone numbers texted.

Defendant did not produce the agreed-upon threshold data by the anticipated deadline. As a result, settlement discussions could not proceed in a meaningful way, and the mediation was not completed.

In recent communications, Defendant has represented that the delay in production resulted from difficulties obtaining data from its third-party text messaging vendor, OptSpot. Defendant further represents that OptSpot has now agreed to provide the necessary information and that Defendant anticipated beginning production during the first week of January 2026, with the expectation that complete discovery responses will be served on or before January 15, 2026. Defendant represents that, due to delay by the vendor during the holidays and because of business travel by the key person at the vendor, these responses have been delayed; but, the vendor is now preparing what should

be the data base to produced.  Defendant anticipates fully responding to the discovery request by Thursday, January 22 if not sooner.

Plaintiff disputes that the delay was justified but acknowledges Defendant's representation that production is forthcoming. At present, settlement discussions remain stalled pending receipt of the promised data. The Parties agree that further settlement efforts will depend on Defendant's production of the threshold information and discovery responses.

Defendant represents that the vendor operates a proprietary database and that the Plaintiff is dependent on the vendor for the responses.  Defendant concurs that the scope of this matter is completely dependent on that data, both for settlement and liability purposes.  It has been determined that the Plaintiff received seven text messages after obtaining the new phone number, each with an opt out provision which he avoided using, and first notifying the Defendant of the texting issue. Plaintiff has been removed from the database, meaning that the possible damages to the Plaintiff are very small.  The only substantive issue is whether this matter should or could be class certified.  Here, that means that, since all numbers in the database were obtained voluntarily by customers opting to receive text messages, Defendant has to identify any numbers that either 1) a customer opted out after placing their name on the DNC registry and then continued to receive texts or 2) a number was transferred to a new person who then registered the number on the DNC registered and then received texts.  This is a more complex analysis, but it should be completed by the end of this week.

However, none of those occurred as no information has been received.

The Parties have met and conferred in good faith regarding settlement but have been unable to resolve this matter to date. The Parties will promptly advise the Court if settlement discussions resume or if further Court intervention becomes necessary further.

Dated: January 20, 2026

/s/ Anthony Paronich
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100


/s/ Dennis L Hall
Dennis L. Hall
Dennis L. Hall, Attorney, pllc
7412 East Black Rock Road
Scottsdale, Arizona 85255
dennis@dlhall.net
602.740.5045